UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:08-CV-38-R

GARY AND BETTY THOMPSON,                                                                PLAINTIFFS

v.

CSX TRANSPORTATION INC.,                                                                DEFENDANT

## OPINION AND ORDER

This matter comes before the Court on Defendant CSX Transportation's Motion to Dismiss or in the alternative, Motion for More Definite Statement (Docket #4). Plaintiffs Gary and Betty Thompson have responded (Docket #10). Defendant has replied (Docket #16). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND

On January 16, 2007, Defendant's, CSX Transportation, Inc., rail car derailed outside the towns of Brooks and Sheperdsville, in Bullitt County, Kentucky. Thirteen tank cars were involved in the derailment, twelve of which contained flammable liquids, gases, and solid materials, including hazardous materials. The derailment resulted in explosion, chemical fire, and chemical release.

Plaintiffs Gary and Betty Thompson claim that as a result of Defendant's negligence, they were exposed to toxic and hazardous fumes and gases from the wrecked cars. Plaintiffs allege that as a result of this exposure they sustained serious and permanent injuries, sustained medical expenses, suffered severe pain and mental anguish, suffered lost wages and their ability to earn money has been permanently impaired. Plaintiff also alleges that due to the train derailment, toxic and hazardous fumes and gases contaminated and damaged Plaintiff's property.

Defendant argues that Plaintiffs failed to state a claim upon which relief can be granted. Specifically, Defendant believes that under the Supreme Court's recent decision in *Bell Atlantic Co. v. Twombly*, Plaintiffs have not pled sufficient facts to support a claim for bodily injury and property damage.

## DISCUSSION

In *Bell Atlantic Corporation v. Twombly*, the Supreme Court recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion. *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1964-65 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

The Court finds that Plaintiffs have alleged sufficient facts for their entitlement to relief to be plausible on its face. Plaintiffs allege that Defendant's negligence caused a train derailment which spilled toxic chemicals that injured Plaintiffs and damaged their property. This is not the sort of speculative pleading forbidden by *Twombly*. There are sufficient factual allegations in the complaint to give Defendant "fair notice concerning the nature of the claim and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1965. Nothing more is required under the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2).

Additionally, "the conclusory nature of particular allegations cannot alone justify

dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner). While Plaintiffs will be required to provided evidence of injury eventually, at the pleading stage it is sufficient that Plaintiffs allege that they were injured. Therefore, Defendant's motion to dismiss is denied.

Defendant's request for a more definite statement is also denied. The information regarding the specifics of Plaintiffs' injuries is better obtained by Defendant through the discovery process, rather than requiring an amendment of the pleadings.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion is DENIED.